### 30585. McLENDON *v.* CAROLINA LIFE INSURANCE COMPANY.

DECIDED SEPTEMBER 19, 1944.

*Douglas, Evans & Cole,* for plaintiff.
*J. Lon Duckworth, J. L. Riley,* for defendant.

MacINTYRE, J. This was an action on a double-indemnity clause of an insurance policy issued by Carolina Life Insurance Company on the life of Thomas O. McLendon in which William M. McLendon, the plaintiff in error, was the beneficiary. The case was tried on an agreed statement of facts substantially as follows: The policy sued on was in full force and effect with a face value of five hundred dollars and an additional provision designated as "double-indemnity provision" whereby the company agreed to pay in addition to the face of the policy the sum of five hundred dollars in the event the death of the insured resulted "directly, independently, and exclusively of all other causes from bodily injuries solely through external, violent, and accidental means." The policy further provided "that this additional benefit shall not be payable provided such death resulted directly or indirectly from (a) self-destruction or any attempt thereat while sane or insane, or injuries intentionally inflicted by the insured upon himself, . . (g) injuries contracted or sustained while violating or attempting to vio-

late the law or in resisting arrest, (h) the taking of poison or inhaling of gas voluntarily or otherwise, (i) homicide." Thomas O. McLendon came to his death on August 4, 1943, as the result of a blow on the head with a blunt instrument inflicted by one Jim Ramsey. The company paid the face value of the policy, and this action is for the additional double-indemnity value only. The company resisted payment on the ground that death was caused by "homicide." The court sustained the company's position and granted a judgment in its behalf. A motion for new trial was made and overruled and the case brought to this court for review.

The only question for decision is whether or not the insurance company is liable for double indemnity on this policy by reason of the double-indemnity provision attached thereto and the exceptions contained therein. The agreed statement of facts shows undisputedly that the insured died on August 4, 1943, as the result of a blow on the head inflicted on the same day with a blunt instrument by one Jim Ramsey for the purpose of robbing the insured. "An injury is presumed to be the result of accident rather than of design. In policies of accident insurance, which indemnify against loss effected through external, violent, and accidental means, it has uniformly been held that a recovery may be had for an injury inflicted by another, if the injury is not the result of misconduct or participation of the injured party, but is unforeseen by him." *Gaynor* v. *Travelers Ins. Co.*, 12 *Ga. App.* 601 (77 S. E. 1072). To meet these decisions one of the exceptions inserted in the policy was that no recovery could be had, provided death resulted directly or indirectly from "homicide." The death of Thomas O. McLendon from a severe blow on the head which, under the undisputed evidence in this case, was inflicted for the purpose of robbing him, was a criminal homicide. Had it not been for the exception contained in the double-indemnity provision of the policy, his death having been caused through external, violent, and accidental means would have come under the accidental feature of the policy and double indemnity would have been collectible, in that the injury and death resulted from something unusual which took place without foresight or expectation of the insured and could not reasonably have been anticipated by him. *Bernhard* v. Prudential Insurance Co., 134 Neb. 402 (278 N. W. 846). Construing the holding quoted from *Gaynor* v. *Travelers*

*Insurance Co.,* supra, in connection with the exception contained in the double-indemnity provision of the policy, that there is no liability on this accidental feature of the policy, "provided such death resulted directly or indirectly from homicide," it seems to us that where, as here, the undisputed evidence shows that death resulted from a striking with a blunt instrument or a beating, such as is described in the agreed statement of facts in this case, a finding is demanded that there was a criminal homicide.

Clauses in accident insurance policies on the causes of death have been fruitful of conflict in construction by the courts of the various states. The rule of construction in this State is : "Policies of insurance will be liberally construed in favor of the object to be accomplished and the provisions therein will be construed strictly against the insurer." *Fokes* v. *Interstate Life & Accident Co.,* 59 *Ga. App.* 680 (2 S. E. 2d, 170). "Courts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insurer, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract. They should not make hypercritical construction of such contracts." *Ætna Life Insurance Co.* v. *Padgett,* 49 *Ga. App.* 666, 669 (176 S. E. 702). Where two inconsistent clauses appear in the body of the insurance policy, "the one most favorable to the insured will be adopted." *Fokes* v. *Interstate Life & Accident Co.,* supra. "The contract of insurance should be construed so as to carry out the true intention of the parties." Code, § 56-815.

In our opinion it would not be permissible to withdraw from the exception clause all homicides from manslaughter to murder and to exclude by a process of construction from the excepting clause all homicides, including criminal homicides, and particularly a homicide which constituted such a highly criminal one as that described in the instant case. In the instant case the exception to the double-indemnity feature of the policy was that if the death of the insured was caused by a homicide there could be no recovery. We think such exception intended to exclude criminal homicides of the character here shown in the agreed statement of facts. Hence, the policy did not cover death resulting from a severe beating by robbers, and the undisputed evidence having shown that the homicide was of such a character, there was no lia-

bility on the accidental features of the policy or the double-indemnity provision attached thereto and the exceptions contained therein, and the judge did not err in overruling the motion for a new trial. United Life & Accident Ins. Co. *v.* Prostic, 169 Md. 535 (182 Atl. 421); *Daniel* v. *Jefferson Standard Life Ins. Co.,* 52 *Ga. App.* 620 (184 S. E. 366).

Judgment affirmed. *Broyles, C. J., and Gardner, J., concur.*