Loren Heape, Plaintiff-Appellant, v. Bituminous Casualty Company, a Corporation, Emery Huggins, and United Electric Coal Company, a Corporation, Defendants-Appellees.

Gen. No. 62–F–8.

Fourth District.

May 15, 1962.

J. E. Horsley, Ronald Polston of Craig & Craig, of Mattoon, for appellant.

Wham & Wham, of Centralia, for appellee.

CULBERTSON, J.

The present cause originated in the Circuit Court of Perry County as the result of a declaratory judgment action which sought a decree that a certain motor vehicle liability insurance policy written by Bituminous Casualty Company covers plaintiff, Loren Heape, with respect to injuries which occurred while he was engaged in pushing mats into position to be loaded upon a truck upon which the liability insurance was carried.

The facts disclosed that one Emery Huggins, one of the defendants in the declaratory judgment action, filed a complaint for damages against United Electric Coal Company, another defendant in the cause. Huggins was an employee of Wm. Keene Trucking Service and was loading certain mats onto the Keene Service truck. While he was doing so he was injured when

struck by a tractor owned by United Electric and operated by its employee. United Electric was charged with negligence in that the tractor operator failed to keep a proper look-out, and with negligence, because the tractor collided with Huggins. In the same action United Electric filed a third-party complaint against Loren Heape, plaintiff in this action. United Electric alleged that Heape was the employee operating the tractor in connection with loading the Keene Trucking Service truck and that he was pushing mats into position to be lifted onto the truck by the truck company crane. In the third-party complaint United Electric also alleged that if it were guilty of negligence, that Heape should indemnify United Electric as against any judgments that might be returned against it in favor of Huggins.

Keene Trucking Service was the named insured in a combination insurance policy in Bituminous Casualty Company. The policy, under its coverage or insuring agreements, agreed to pay sums which the insured became obligated to pay as the result of injuries sustained by any person caused by accident arising out of the ownership, maintenance, or use of the automobile. The truck was stated in the policy as being used principally in the business of the insured and specifies among authorized uses, "use of the automobile for the purposes stated, including the loading and unloading thereof." Bituminous Casualty Company refused to defend Heape in the cause and the complaint for declaratory judgment was filed as the result of such refusal. Bituminous Casualty Company filed a motion asking for judgment on the pleadings in favor of Bituminous, and in the alternative, to strike certain portions of the complaint for declaratory judgment, and further, in the alternative, if the motion be denied, to suspend determination as to United Electric, third party sued, until the declaratory judgment suit was concluded.

The Bituminous position, as stated, was (first) that declaratory judgment procedure actually does not apply; (secondly) that adequate legal remedies after judgment in the third-party complaint suit are available; (third) that the occurrence alleged in United Electric's third-party action is not within the terms of the Bituminous policy; and (fourth) that the occurrence is excluded by the terms of the policy. The Trial Court allowed such motion in bar of the action and entered judgment for defendants and as against plaintiff on the pleadings, referring specifically to the ground that United Electric's third-party action was not within the terms of the Bituminous policy. The Court declared specifically, "that paragraph 3 of the motion of Bituminous Casualty Company . . . be . . . it is hereby allowed and judgment is entered against plaintiff . . . ."

Plaintiff appeals from such order and asserts in this Court that the complaint states a cause of action, and that there was a duty on part of the insured to defend the suit since the pleadings state facts which bring the injury within the coverage of the policy. Specifically, it is contended that the activities of the plaintiff constituted loading or unloading of the truck and that protection of the policy was afforded by reason of such activities, and such employee comes within the category of persons operating the truck with the permission of the named insured and also persons legally responsible for the use thereof (Bituminous Cas. Corp. v. American Fidelity & Cas. Co., 22 Ill App2d 26, 31, 159 NE2d 7).

The defendant, Bituminous Casualty Company in this Court contends that the allegations of the complaint of plaintiff upon which he seeks coverage under the policy show that his activities acting as an employee of United in operating the bulldozer of United in pushing mats belonging to United into position to

134

be lifted into the truck owned by Keene and operated by Keene, and in clearing an area over which the truck of Keene could be backed, are not within the contemplation of the policy of insurance issued by Bituminous to Keene under the loading clause of such policy. He also asserts that the allegations of such complaint do not allege sufficient facts to constitute plaintiff Heape an unnamed insured within the definition of the policy inasmuch as there is no allegation that he was using the truck by loading or otherwise, and no allegation that there was any actual use of the truck by Heape with the permission of Keene, the named insured. A third contention is that the plaintiff Heape was excluded from coverage by the specific exclusions of the policy which excluded any benefits provided for under the Workmen's Compensation Act of Illinois.

The basic question before us is whether plaintiff Heape in operating United's bulldozer and in pushing United's mats into position on United's property to be lifted onto Keene's truck by Keene's crane, operated and owned by Keene, was within the "loading" clause of the policy issued by Bituminous covering the truck of Keene. In the ordinary sense of the word, it is apparent that plaintiff Heape was not himself (under the record before us) engaged in loading the truck. He merely brought the mats into position where Huggins and other Keene employees were to load the truck with the Keane crane. Heape was actually employed by United and not by Keene, and United was not engaged in loading the truck. Keene was to load and operate the truck. The only other activity in which plaintiff Heape was engaged was clearing the area over which the truck could be backed. This could hardly be construed to be the act of loading the truck under the terms of the policy. Under the record before us, therefore, it is apparent that the

135

Court rightfully concluded that the plaintiff Heape was not engaged in loading of the truck under the terms of the policy. The activities of Heape in pushing the mats into position were not part of the act of loading since the mats were put into position for the purpose of loading by others, and clearing the path for the truck, similarly, could not be construed as a part of the act of loading. We are not faced with the problem of determining whether pushing of the mats into position to be loaded, if this were in fact a part of and continuous act to be undertaken by Heape which would be culminated by the act of loading of the truck by Heape as a part of his activities, would constitute "loading." It is apparent from the record that Heape did not participate in loading in any realistic or practical sense of the term (General Acc., Fire & Life Assur. Corp. v. Brown, 35 Ill App2d 43, 181 NE2d 191).

 There is also no specific allegation that the truck of Keene was being used by plaintiff Heape with the permission of Keene at the time of the injury in question, to bring Heape within the clause relating to usage with permission (Soukup v. Halmel, et al., 357 Ill 576, 192 NE 557). Under the pleadings in this cause plaintiff Heape stood only in the position of the named insured Keene and was entitled to coverage only if Keene had been named as defendant in the third-party complaint (Muthart v. Burik, 327 Ill App 170, 63 NE2d 635). By reason of the exclusion in the policy the named insured would not have been entitled to coverage had it been named as a third-party defendant since Huggins, the injured person, was an employee of Keene, and Heape contending for coverage as an unnamed insured was therefore not entitled to coverage under the policy (Kelly v. State Automobile Ins. Ass'n, 288 F2d 734; Travelers Ins. Co. v. Ohio Farmers Indemnity Co., 262 F2d 132). Huggins

and his employer, Keene, were under the Workmen's Compensation Act, and under the specific terms of the insurance policy excluding coverage to Keene, in instances where there is liability under the Workmen's Compensation Act.

While we have discussed other problems which were raised in the briefs before us, fundamentally the determination of this cause by the Trial Court on the basis that the policy did not cover the activities of Heape at the time of the injuries, is consistent with the record in this cause. We recognize that the term "loading" is to be construed as a broader term than would be involved in the simple physical act of moving articles in and out of a truck. To conclude that plaintiff Heape was engaged in such operation would be inconsistent with the facts in the record. We must therefore conclude that the order of the Circuit Court of Perry County finding that the occurrence referred to was not within the terms of the policy is supported by the record under the law, and should be affirmed.

Affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.