## 57325. GUARANTEE TRUST LIFE INSURANCE COMPANY v. DAVIS.

BIRDSONG, Judge.

Disability insurance. Appellant, Guarantee Trust Life Ins. Co., insured the appellee Davis. The policy was in

force and the premiums were current. The case was presented to the trial court in the absence of a jury and involves an interpretation of the policy. The facts show that Davis suffered an injury which eventually resulted in the total loss of sight in one eye. The relevant portions of the policy reflect the following: "Part One. SPECIFIC LOSSES ACCIDENT BENEFIT. If the insured sustains such injury which directly and independently of all other causes continuously disables the Insured and results in any one of the specific losses within ninety days from date of such accident, the Company will pay: . . . Sight of One Eye . . . Monthly Benefit for 10 Months. [It is not disputed that the monthly benefit is $200]. . . All monthly benefit payments provided in this Part One shall be deemed to be indemnity for total disability and total loss of time, subject to the conditions . . . of paragraph (a) of Part Three hereof . . . Part Three. TOTAL DISABILITY BENEFITS—ACCIDENT OR SICKNESS. (A) TOTAL DISABILITY ACCIDENT BENEFIT FOR SIXTY MONTHS. If such injury does not result in any of the specific losses named in Part One, but shall totally and continuously disable the insured for one day or more, the Company shall pay indemnity at the rate of the Monthly Benefit beginning with the first medical treatment during disability, but not exceeding sixty (60) months for any one accident. . ."

It is not disputed that Davis lost the sight of one eye and that he was covered by the policy in some amount. The facts developed indicate that Davis was disabled (i.e., was unable to work) for a period of three months. Davis claims that under the terms of the policy he suffered a specific member loss and that the loss is permanent and total. Under the terms of the policy, it is Davis' contention that he was entitled to ten monthly benefits or a total of $2,000. Guarantee Life argues that the policy requires that Davis not only suffer a specific member loss but that the disability continue for the period for which payment is authorized, i.e., ten months. (We note that loss of hands, feet or sight is permanently disabling; thus, the shorter period of time authorized by Part One works in favor of the insurer.) Inasmuch as Davis admittedly was out of work for only three months, Guarantee Trust tendered only

three months' coverage. The trial court interpreted the contract to call for ten months' coverage notwithstanding disability for only three months. Judgment was entered for Davis for the $2,000 (less an interim partial payment) plus interest, penalties, and attorney fees. Guarantee Life appeals the judgment enumerating as error the award of the full $2,000 as well as the penalties and attorney fees. *Held:*

In construing the pertinent provisions of this contract of insurance, we are governed by certain controlling principles of insurance contract law. We recognize that the intention of the parties is determined from a consideration of the entire contract, and, if possible, all of the provisions should be so interpreted so as to harmonize one with the other. *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 674 (34 SE2d 839); *Ga. Carpet Express v. Travelers Indem. Co.,* 148 Ga. App. 603, 605 (252 SE2d 17). Moreover, where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made. *Moore v. Allstate Ins. Co.,* 108 Ga. App. 60 (1) (131 SE2d 834); *Rossville Fed. Savings &c. Assn. v. Ins. Co. of N. Am.,* 121 Ga. App. 435 (2b) (174 SE2d 204).

In the light of these controlling principles, we conclude the contract of insurance in this litigation admits of only one reasonable intent. Part One deals with specific member losses. The words of that part show a purpose of covering only specific member losses. Thus, the provision is a limiting feature in that a specific accident loss authorizes payments for a shorter period of time than an injury not amounting to loss of life, limbs, or sight. An insured must suffer an injury that is disabling for a continuous period of time during which a specific member loss occurs and this loss must occur within 90 days. Thus, if an injury occurs, recovery seems to have eventuated within 90 days (i.e., the disability is not continuous), but after the 90-day period, the loss of life, an organ, or member listed in Part One occurs, such loss is not covered by Part One as a specific accident loss. In such a case, recovery of liability is governed by the provisions of Part Three but with a 60-month limit. Nor is there a

presumption of total disability or total loss of time as is provided in Part One in the case of a specific loss accident. Thus, in the instant case, if loss of an eye had not occurred within the 90 days or if there had been a period of complete recovery from disability within the 90 days and before the loss of vision had occurred, appellant's position could be vindicated.

However, such is not the case. The facts show that Davis suffered an injury, that he was continuously disabled and that the loss of vision occurred within 90 days. There is no contention that Davis recovered from disability prior to the loss of his vision. The provision of the contract provides that payments under Part One are presumed to be indemnity for total disability and total loss of time. Part Three by implication provides that it is inapplicable if an injury is the result of a specific accident loss named in Part One. If a specific accident loss does not occur, the insurer becomes potentially liable for a disabling injury (other than a Part One loss) for a period up to sixty months. Davis has made no contention that he is covered by Part Three or that he is totally disabled so as to be eligible for recovery under Part Three of the contract.

Finally, while we are at a loss as to why the trial court declined to consider Exhibit B to the stipulation of facts agreed to by the parties, we conclude that Exhibit B is a part of the record before us. That exhibit indicates that the company will pay a specific loss accident benefit for loss of one eye the sum of $2,000, not some amount up to a maximum of $2,000 but a sum of $2,000. While this is not conclusive, we believe the exhibit sheds substantial light on the understanding of the parties.

In our opinion, the trial court gave the contract the only one and reasonable interpretation allowable. The determination by the trial court that the insurer has followed a strained and unconscionable interpretation of the contract with a view to minimize its liability by always paying only the lesser amount of coverage finds support in the record and is a reasonable conclusion. Under such circumstances, we will not disturb the trial court's judgment awarding recovery based upon a specific accident loss, nor in the grant of the statutory penalty for

failure to pay within the appropriate time for the loss in accordance with the terms of the contract, nor in the award of attorney fees. *Williams v. Harris,* 207 Ga. 576 (3) (63 SE2d 386). See *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188, 190 (2) (232 SE2d 62).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED MAY 8, 1979 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Poole, Pearce, Cooper & Smith, Mikel L. Purcell, Edwin Pearce,* for appellant.

*J. Max Davis, William R. Carlisle,* for appellee.