## 35168. GUARANTEE TRUST LIFE INSURANCE COMPANY v. DAVIS.

PER CURIAM.

1. Certiorari was granted to determine whether the Court of Appeals correctly interpreted the insurance contract and correctly applied the statutory penalty and fees. *Guarantee Trust Life Ins. Co. v. Davis,* 149 Ga. App. 826 (256 SE2d 76) (1979).

The facts are stipulated. Coverage and entitlement under the insurance policy are stipulated. The only issue is the *amount* of entitlement. The insured argues that he clearly is entitled to recover the undisputed $200 per month benefit for ten months, despite the fact that he was out of work for only three months due to loss of one eye. The insurance company contends that the policy just as clearly provides to the contrary—that is, the amount of his recovery is limited to $200 monthly benefit multiplied by three because he was out of work for only three months as a result of the loss of the eye. The insurance company's argument, stated otherwise, is that the policy provides for monthly benefits for up to ten months for loss of one eye.

The policy provides in relevant part: "Part One. SPECIFIC LOSSES ACCIDENT BENEFIT. If the Insured sustains such injury which directly and independently of all other causes, *totally and continuously disables* the Insured and results in any one of the following specific losses within ninety days from date of such accident, the company will pay ... Sight of One Eye ... Monthly Benefit for 10 Months . . . All monthly benefit payments provided for in this Part One shall be deemed to be indemnity for total disability and total loss of time, *subject to the conditions (other than regular and personal medical attention) of paragraph (A) of Part Three hereof.* . . Part Three. TOTAL DISABILITY BENEFITS ACCIDENT OR SICKNESS. (A) TOTAL DISABILITY ACCIDENT BENEFIT FOR SIXTY MONTHS. If such injury does not result in any of the specific losses named in Part One, but shall *totally and continuously disable the*

*Insured for one day or more,* the Company will pay indemnity at the rate of the Monthly Benefit, *beginning* with the first medical treatment during disability, *but not exceeding* sixty (60) months for any one accident, *provided* the Insured is under the regular and personal attendance of a licensed doctor of medicine, surgeon or osteopath other than the Insured." (Emphasis supplied.)

The insurance company contends that the contract language "when interpreted in its entirety calls for but one conclusion, and that is that *monthly* benefits for specific losses are directly related to and determined by the time of total and continuous disability." (Emphasis supplied.) This court disagrees. The *monthly* benefit is expressly stated in the contract and was stipulated by the parties. It is $200 per month. The *total* benefit is the monthly benefit multiplied by the correct number of months. The correct number of months is the controlling issue in this case.

The insurance company urges that "the monthly benefits can be paid only for the period of disability." Nothing in either Part One or Part Three of the policy expressly states that the benefits are payable during the period of "disability," with the word "disability" being used, by the insurance company, in this particular instance, to mean the "loss of time" away from one's job. To the contrary, Part Three answers the question of *when* the payments shall *commence* by stating that they shall *begin* "with the first medical treatment during disability", but does not state expressly the event upon which the payments shall *cease*. Rather, the policy speaks in terms of the period during which the benefits, *once started, shall continue,* by providing that benefits continue for "not exceeding sixty (60) months for any one accident, provided the Insured is under the regular and personal attendance of a licensed doctor of medicine, surgeon, or osteopath other than the Insured." The benefits under Part Three thus *continue* up to a maximum of 60 monthly payments for so long as the insured is under the specified regular and personal medical attention. But the policy makes it abundantly clear that the monthly benefit payments provided for in Part One are *not* subject to the conditions of Part Three pertaining to regular and

personal medical attention. Since Part One benefits are not to continue for only so long as the insured is receiving the specified medical care, what, then, is the period for which they are to continue? Part One expressly answers this question by stating, in the very plainest of words, "... for 10 Months." It does not say "for up to 10 months." It does not state "*during* loss of employment" or "*during* disability." The provision stating that "All monthly payments provided for in this Part One shall be deemed to be indemnity for total disability and total loss of time" does not define the time period *when* benefits are paid or delineate *how much* shall be paid in total benefits. Rather, it merely states the purpose of the payments.

The insured is correct in his contention that he is entitled to a payment equal to the stipulated monthly benefit of $200 multiplied by ten—that is, he is entitled to the $2,000 he claimed. The judgment of the Court of Appeals is affirmed on the first certiorari question.

2. The insurance company contends the Court of Appeals erred in ruling that "The determination by the trial court that the insurer has followed a strained and unconscionable interpretation of the contract with a view to minimize its liability by always paying only the lesser amount of coverage finds support in the record and is a reasonable conclusion." The findings of fact, conclusions of law and judgment contain no such determination by the trial court. The relevant finding of fact by the trial court was "that Defendant's construction of the policy and its refusal to pay based thereon were clearly at variance with the plain and unambiguous terms of the policy, and that Defendant's refusal to pay was in bad faith." The case was decided by the trial court on a stipulation of the facts, and upon evidence presented to the court without a jury as to the reasonable value of the insured's attorney fees. Nothing in the record supports the ruling of the Court of Appeals that the insurance company has followed any particular practice with reference to the payment of the claims of other persons under the policy. The judgment of the Court of Appeals as to penalties and attorney fees is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Nichols, C. J., Undercofler, P.*

*J., and Hill, J., who dissent as to Division 2.*

ARGUED SEPTEMBER 11, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED OCTOBER 30, 1979.

*Poole, Pearce, Cooper & Smith, Edwin Pearce, Mikel L. Purcell,* for appellant.
*William R. Carlisle,* for appellee.

NICHOLS, Chief Justice, dissenting.

I agree with the trial court's conclusion that the legal arguments advanced by the insurance company are clearly at variance with the plain and unambiguous terms of the policy. Insurance companies do not act in bad faith when they contest payments of claims if the questions of law involved have been decided differently, leaving the result doubtful. *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214, 221 (132 SE2d 737) (1963). No bad faith exists under Code Ann. § 56-1206 where a doubtful question of law is involved. *Brown v. Seaboard Lumber &c. Co.,* 221 Ga. 35, 38 (142 SE2d 842) (1965). However, these principles do not authorize an insurance company to deny a claim based upon legal construction of the insurance contract that is frivolous and unfounded in the light of the plain and unambiguous provisions of the policy. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454) (1962). See *Colonial Life &c. Ins. Co. v. McClain,* 243 Ga. 263 (253 SE2d 745) (1979), as to unreasonable assertions of fact in defense of a claim. The facts in the present case are stipulated.

The present policy of insurance does not, as contended by the insurance company, provide for payment of benefits during the time that the insured is out of work as a result of an injury. Rather if the injury fits within Part One of the policy, the monthly benefit fixed in the policy (in this case, $200 per month) is paid for a fixed period of time. On the other hand, if the injury fits within Part Three of the policy, the same monthly benefit is paid beginning with the first medical treatment during disability, and the monthly benefits continue while the insured is in the regular and personal attendance of a

licensed doctor of medicine, surgeon or osteopath other than the insured and for a period not to exceed 60 months. The policy clearly provides for these payments. No foundation for the insurance company's arguments reasonably can be found within the four corners of the policy. The judgment of the Court of Appeals should be affirmed as to penalties and attorney fees.