### 66505. BIG BEAR RANCHES, INC. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

SOGNIER, Judge.
Georgia Farm Bureau Mutual Insurance Company (Farm Bureau) filed the instant declaratory judgment action seeking a determination as to its obligations to afford coverage and a defense to legal actions filed against its insured, Big Bear Ranches, Inc. (Big Bear). Farm Bureau issued an insurance policy to Big Bear providing farmowner's coverage and farmer's comprehensive personal liability coverage. While this coverage was in effect, an irrigation pump and trailer that Big Bear had either rented or borrowed and was using was damaged by fire. Subsequently, Big Bear was sued by the owner of the equipment and was also named as a defendant in an action for judgment and an order of foreclosure of a mechanic's lien brought by the business that had repaired the equipment. Big Bear requested that Farm Bureau furnish a defense in the cases and pay any judgments rendered against it to the extent provided in the policy. The instant action ensued. The trial court granted Farm Bureau's motion for summary judgment on the main action and as to Big

Bear's counterclaim for damages and attorney fees and denied Big Bear's motion for summary judgment. Big Bear appeals.

Appellant contends that the trial court erred in denying its motion for summary judgment and in granting summary judgment in favor of appellee, arguing that the court erroneously found that the damaged equipment fell within a certain policy exclusion and was not covered.

The exclusion in question appears in the policy under "Section II - Farmer's Comprehensive Personal Liability, I. Coverage G - Personal Liability: Exclusions: This coverage does not apply:

. . .

(j) to property damage to

(1) property owned by the insured or

(2) *property* occupied or *used by the insured or rented to or in the care, custody or control of the insured* or as to which the insured is for any purpose exercising physical control;

*but part (2) of this exclusion does not apply to property damage included within the fire hazard* . . . . " (Emphasis supplied.)

The definition section of Section II of the policy provides: " 'fire hazard' includes property damage to any insured premises away from the farm, and to house furnishings therein if such property damage arises out of (1) fire, (2) explosion, or (3) smoke or smudge caused by sudden unusual and faulty operation of any heating or cooking unit . . . ." It is not disputed that the pump and trailer were such property as is described in paragraph (j) (2) above. However, appellant contends that the fire damage to the pump and trailer was included within the fire hazard so that the exclusion does not apply.

Contracts of insurance should be construed in accordance with the intention of the parties. *Ballinger v. C. & S. Bank,* 139 Ga. App. 686, 688 (229 SE2d 498) (1976); *Cincinnati Ins. Co. v. Gwinnett Furniture Mart,* 138 Ga. App. 444, 446 (226 SE2d 283) (1976). "[T]he intention of the parties is determined from a consideration of the entire contract, and, if possible, all of the provisions should be so interpreted so as to harmonize one with the other. [Cits.]" *Guarantee Trust Life Ins. Co. v. Davis,* 149 Ga. App. 826, 828 (256 SE2d 76) (1979), aff'd in part, rev'd in part, 244 Ga. 541 (261 SE2d 336) (1979). Thus, the courts will "seek a construction which will give reasonable force and effect to all of such provisions without conflict." 13 Appleman, Insurance Law and Practice 43, § 7383, citing *McLendon v. Carolina Life Ins. Co.,* 71 Ga. App. 557 (31 SE2d 429) (1944). "Moreover, where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made. [Cits.]" *Davis,* supra. See *U. S. Fidelity &c. Co. v. Gillis,* 164 Ga. App. 278, 281

(296 SE2d 253) (1982).

We now apply these principles of construction to the policy in the instant case. Appellant contends that the definition of fire hazard must be read as if it were worded: " 'fire hazard' includes *but is not limited to* property damage to any insured premises away from the farm and to house furnishings therein. . . ." Thus, under appellant's reading of the definition of fire hazard, the comprehensive personal liability coverage afforded under the policy would extend not only to the rented or borrowed pump and trailer, but ostensibly to any property damage on the premises.

We agree with appellant that the word, "includes," which appears in the definition of fire hazard, is ordinarily a term of enlargement, not limitation, United States v. Gertz, 249 F2d 662, 666 (6) (9th Cir. 1957), used to signify that something else is comprehended beyond the general language preceding the term. Publishers Bldg. Co. v. Miller, 172 P2d 489, 495 (4, 5) (Wash. 1946). See cases collated Vol. 20A, Words and Phrases, Include, p. 144 et seq. However, "includes" may also be used as a term of limitation to indicate that the thing stated is the only thing included: "Under some circumstances, as where the context and wording of a written instrument make it clear that the term 'including' is used in a restrictive sense, it will be given a limited effect . . . ." Publishers Bldg. Co., supra. See Words and Phrases, supra at 155 et seq.

To determine here that the term "includes," as used in the policy definition of fire hazard, is other than a term of limitation would bring about the absurd result of restoring coverage for all property that is specifically and expressly excluded from coverage under paragraph (j) (2). " 'A contract must be given a reasonable construction which will uphold and enforce the instrument, if possible, rather than a construction which would render it meaningless and ineffective or *which would lead to an absurd result.*' " (Emphasis supplied.) *Tudor v. Am. Employers Ins. Co.,* 121 Ga. App. 240, 242 (173 SE2d 403) (1970).

Further, it is not a reasonable interpretation of a policy to construe out of existence an entire section thereof. 13 Appleman, supra at 7, n. 40.01, § 7383 (1982 Pocket Part); West American Ins. Co. v. Biggs, 348 S2d 258, 261 (1, 2) (Ala. 1977). We are here construing an *exception* ("this exclusion does not apply to property damage included within the fire hazard . . . .") *to an exclusionary provision* ("This coverage does not apply: (j) to property damage to . . . (2) property . . . used by . . . or rented to or in the care, custody or control of the insured . . . ."). Because the interpretation of the exception urged by appellant would negate and render the exclusion meaningless, we must reject it. Appleman, supra; Southern Farm

Bur. Cas. Ins. Co. v. Adams, 570 SW2d 567, 571 (8) (Tex. 1978). This court must avoid a construction that does not give all portions of a policy meaning and effect. *Welch v. Gulf Ins. Co.,* 126 Ga. App. 115, 117 (190 SE2d 101) (1972).

Therefore the type of property damage included within the fire hazard was limited to damage to "insured premises away from the farm . . . and . . . house furnishings therein . . . . " The policy exclusion at (j) (2) thus applied to exclude coverage for the rented or borrowed pump and trailer.

" ' While an ambiguous insurance contract will be liberally construed in favor of the insured, one which, when construed *reasonably and in its entirety,* unambiguously and lawfully limits the insurer's liability, cannot be expanded beyond what is fairly within its plain terms. [Cits.]' [Cit.]" *Ranger Ins. Co. v. Col.-Muscogee Aviation,* 130 Ga. App. 742, 745 (4) (204 SE2d 474) (1974). The trial court did not err in granting summary judgment in favor of appellee and in denying appellant's motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 16, 1983 — ▮▮▮▮▮▮▮▮

*J. Clinton Smith, Jr.,* for appellant.
*Joel O. Wooten, Jr., John P. Partin, Robert B. Whatley,* for appellee.