38512. SHAWVER v. THE STATE.

DECIDED JANUARY 4, 1961.

*Ross & Ross, A. Russell Ross, Edwin W. Ross,* for plaintiff in error.

*Harvey L. Jay, Solicitor-General,* contra.

JORDAN, Judge. The defendant was indicted and tried in the Superior Court of Wilcox County for practicing medicine without a license in violation of *Code* § 84-906. The jury returned a verdict of guilty. The defendant filed a motion for a new trial on the general grounds only. The trial court overruled the motion for new trial, and to that judgment the defendant excepts, bringing the case to this court for review.

The question for this court to decide is whether or not there is sufficient evidence to support the verdict of the jury. It was stipulated between counsel for the State and counsel for the defendant that the defendant Ronald G. Shawver was a licensed naturopath under and by virtue of the laws of the State of Georgia. He was tried under an indictment alleging a violation of *Code* § 84-906, which reads in part as follows: "If any person shall hold himself out to the public as being engaged in

2

the diagnosis or treatment of disease or injuries of human beings, or shall suggest, recommend or prescribe any form of treatment for the palliation, relief or cure of any physical or mental ailment of any person with the intention of receiving therefor, either directly or indirectly, any fee, gift or compensation whatsoever, or shall maintain an office for the reception, examination or treatment of diseased or injured human beings, or shall attach the title 'M.D.,' 'Oph.,' 'D.,' 'Dop.,' 'Surgeon,' 'Doctor,' either alone or in connection with other words, or any other word or abbreviation to his name indicative that he is engaged in the treatment of diseased, defective or injured human beings, and shall not in any of these cases then possess in full force and virtue a valid license to practice medicine under the laws of this State, he shall be deemed to be practicing medicine without complying with the provisions of this Chapter, and in violation thereof."

The evidence shows that the defendant Ronald G. Shawver had not been issued a license to practice medicine by the State Board of Medical Examiners and that his name was not recorded on the physicians' register in the office of the Clerk of the Superior Court of Wilcox County. The evidence further showed that he had, over a period of several years prior to the trial, treated patients for high blood pressure, influenza, bad tonsils, pregnancy, common colds, and other maladies. The evidence further shows that he treated these patients on occasions by giving hypodermic injections and prescribing as treatment therefor bicillin, diamox, pyridium, seconal, equanil and other drugs, and that he was paid various sums of money for the treatment of these patients. The evidence further shows that these drugs were prescribed on prescription blanks having typed or printed thereon the name of "Dr. Ronald G. Shawver." A pharmacist testified that he had filled approximately 3,000 such prescriptions over a 2½ year period. There was other evidence from which the jury could find that the defendant held himself out to the public as being engaged in the practice of medicine. Testimony of the druggist, and the defendant himself, indicates that seconal is a derivative of barbituric acid and a member of the barbital family of drugs. It is unlawful in this State for

barbital and acid diethyl barbituric, among other drugs, to be dispensed except on the prescription of a duly licensed physician. *Code* § 42-709. The act of 1950 defining naturopathy specifically excludes the use of drugs, and prohibits those practicing naturopathy in this State from prescribing any drugs, medicines, or other remedies for which a prescription is required. This act further provides that those practicing naturopathy shall not be deemed or designated as doctors or physicians.

A drug is defined as "the general name of substances used in medicine; any substance, vegetable, animal, or mineral, used in the composition or preparation of medicines; any substance used as a medicine." Black's Law Dictionary, p. 587.

A careful examination of the record in this case discloses ample evidence from which the jury could find that the defendant was prescribing drugs and other forms of treatment for the relief or cure of physical ailments, receiving compensation therefor, and holding himself out as being engaged in the diagnosis and treatment of disease of human beings without having a valid license to practice medicine under the laws of this State.

Since there were no special assignments of error, and since there is evidence to support the verdict of the jury, the judgment of the trial court denying a motion for new trial on the general grounds must be affirmed.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*