## 46716.   WHEELER v. REBEL TRUCK RENTAL, INC.

PANNELL, Judge. This case is an action seeking to recover the purchase price of three trucks, the subject matter of a lease and purchase agreement between Rebel Truck Rental, Inc., plaintiff-appellee and C. H. Wheeler, defendant-appellant. The trial judge granted a motion for summary judgment in behalf of the plaintiff and denied the defendant's motion for judgment on the pleadings. The only question to be decided is one involving the construction of the contract, that is, whether under its terms, the plaintiff was entitled to terminate the contract of lease and compel the purchase of the vehicles by the defendant. Article I provides: "Owner does hereby lease to customer the motor vehicle or vehicles described in 'Schedule A,' attached hereto and made a part hereof. This lease shall become effective with respect to each vehicle on the 'delivery date' for that specific vehicle as set forth in 'Schedule A' and shall continue in effect with respect to each vehicle described in 'Schedule A' for a period of five (5) year(s) from the 'delivery date' affecting each vehicle, and from year to year thereafter until terminated as provided for in Article V." Article V, Par. 1 provides: "Customer may cancel this agreement as to all or any part of the equipment leased hereunder on any anniversary of the effective date as established by the provisions of Article 1 affecting the particular vehicles being canceled, by giving owner thirty (30) days written notice prior to the anniversary date. In the event customer cancels the agreement as to all or any of the trucks listed in 'Schedule A,' customer shall purchase such vehicles for cash at the cost less the depreciation set forth in 'Schedule A.' In the event customer fails to purchase such vehicles, owner may dispose of such vehicles at such price as may be obtainable and customer shall be liable to the owner for any balance which may be due as a result of such sale. Provided, further, that owner may pursue such other legal or equitable remedy

permitted by law. However, in no event shall the purchase price be less than fifteen (15) percent of the cost of each vehicle." Article V, Par. 2 provides: "Owner may cancel this agreement as to all the equipment leased hereunder on any anniversary of the effective date as established by the provisions of Article I affecting the vehicles being canceled, by giving customer thirty (30) days written notice prior to the anniversary of the effective date. Customer shall then be required to purchase the vehicles then being leased under this agreement as described in 'Schedule A' at the expiration of thirty (30) days on the same terms and conditions as set forth in the preceding paragraph."

The owner exercised its option prior to the expiration of the first 5-year term of the contract. The question is, does this right of cancellation apply to any anniversary, including the first five, or does this right apply only to the "year to year" extensions thereafter? *Held:*

The language of Article V is plain and unambiguous where the right of termination is given on *any* anniversary of the effective date. This is obviously the contrary of a qualification as to some particular anniversary date or dates. "Any" means one of many, or an indefinite number (Black's Law Dictionary, p. 120), and is defined by our courts as meaning "all." *Chamblee v. Guy,* 218 Ga. 56 (126 SE2d 205).

The language used in Article V is plain and definite and we find no other provision of the contract which modifies this meaning. While the phrase in Article I "and from year to year thereafter until terminated as provided for in Article V" is set off by a comma from the language immediately preceding, which provides for the initial 5-year term, and for this reason it might be argued there is a logical inference that the language "terminated as provided for in Article V" refers only to the language "and from year to year thereafter," yet this would create a direct conflict between this construction of the provisions of Article I and the provisions of Article V. Since

the termination must be "as provided for in Article V" we then must give an overriding consideration to the specific and definite language of that article. We accordingly, hold that the contract was subject to termination in accordance with its terms on any anniversary date and that the trial court was correct in overruling the defendant's motion for judgment on the pleadings and correct in sustaining the plaintiff's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
ARGUED NOVEMBER 1, 1971—DECIDED FEBRUARY 7, 1972.

*W. J. Patterson, Jr.,* for appellant.
*Jones, Cork, Miller & Benton, Carr G. Dodson,* for appellee.