46880.   NATIONAL LIFE & ACCIDENT
INSURANCE COMPANY v. THORNTON.

ARGUED FEBRUARY 7, 1972—DECIDED FEBRUARY 25, 1972.

*Alston, Miller & Gaines, R. Neal Batson, J. Michael Kelly,* for appellant.

*Grady E. Rozar,* for appellee.

DEEN, Judge. We have two Code sections the primary pur-

pose of which is to reduce the profits of crime. Under *Code Ann.* § 113-909 no person who kills another with malice shall *inherit* from him "any property which the person so killing would take by deed, will *or otherwise* at the death of the deceased" but the property shall go to such other heirs as may be entitled under the laws of descent and distribution "or by will, deed, *or other conveyance* duly executed by the deceased in his or her lifetime." The language of this section suggests that it refers to heritable property owned by the decedent and properly a part of his estate. While an insured is the owner of a contract of insurance on his own life, this is a different sort of ownership because he cannot, unless he elects to turn the policy in for its cash surrender value, make its proceeds available to himself during his lifetime. *Code Ann.* § 56-2506, on the other hand, deals directly with the proceeds of such policies where the beneficiary is guilty of voluntary homicide of the insured, and, in this case, "all right, interest, estate and proceeds in such an insurance policy shall go to such other heirs of the deceased as may be entitled thereto by the laws of descent and distribution of this State," provided there is no secondary beneficiary named. The language, as to the persons designated to take, is the same in both statutes. *Code Ann.* § 113-909 may or may not throw the assets there specified into the estate, depending upon the instrument executed by the decedent, but if the assets are a part of the estate, then the right to administer them is in the administrator or executor under *Code* § 113-907. But *Code Ann.* § 56-2505 specifically excludes the proceeds of life insurance policies made payable to beneficiaries (other than the insured, his administrator, or the person procuring the policy) from the estate and establishes the right of the beneficiary as paramount to that of creditors and representatives of the insured. That this was also the former law see *Foster v. Cheek,* 212 Ga. 821, 828 (96 SE2d 545). The legislative scheme is thus clear that unless the insured affirmatively indicates that the estate is intended as beneficiary, the policy proceeds go to the beneficiary as against the claims of creditors or personal

representatives of the deceased. This is generally true even where no beneficiary is named in the policy, but a statute indicates for whose benefit the proceeds are to be used in such event. See Poss v. Craven, 153 Fla. 720 (15 S2d 671). Here the beneficiary designated, by her act in causing the death of the insured, became as a matter of law incapable of recovering as such, and the law substituted in her place those heirs designated by the laws of descent and distribution. It is as though the insured simply designated his "heirs" as the beneficiary, and the fact that the law made the designation instead of the insured does not change the picture. Where the beneficiaries of the policy were designated to be the heirs of the insured "the proceeds of this policy were not . . . any part of the estate of the assured, and therefore, not subject to the claims of his creditors." *Hubbard, Price & Co. v. Turner,* 93 Ga. 752, 754 (20 SE 640, 30 LRA 593).

It follows that the heirs of the decedent are entitled to the proceeds of the life insurance policies as against the claims of either a creditor or personal representative of the decedent. The plaintiff Thornton is not an heir, and is an administrator of the estate merely by virtue of his status as a creditor. He is not, therefore, entitled to recover the proceeds of the policy. The trial court erred in denying the defendant insurer's motion for summary judgment based on this ground only.

*Judgment reversed. Jordan, P. J., and Clark, J., concur.*