Mattie Henderson (Williams) and Roy Williams as the Administrator of the ESTATE OF Grady Leroy WILLIAMS.

Civ. A. No. 79–166–MAC.

United States District Court,
M. D. Georgia,
Macon Division.

Feb. 27, 1981.

Joan W. Wooley, Charles A. Mathis, Jr. and J. Robert Daniel, Macon, Ga., for defendant.

### ORDER

OWENS, District Judge.

This is an interpleader action to determine the proper disposition of insurance proceeds on the life of Grady Leroy Williams which have been deposited into the Registry of the Court by plaintiff Massachusetts Mutual Life Insurance Company.[1] The two defendant-claimants to these proceeds are Mattie Lou Henderson, common-law wife of Grady L. Williams and named beneficiary under the insurance policy, and Roy Williams, father of the deceased and administrator of his estate. Defendant Williams moves the court to grant summary judgment in his favor pursuant to Rule 56, Federal Rules of Civil Procedure.

On April 20, 1976, defendant Mattie Henderson was convicted by a Bibb County Superior Court jury of voluntary manslaughter in the death of Grady Williams and was sentenced to ten years in prison. Ga.Code Ann. § 56–2506 (Ga.L.1960, pp. 289, 687) provides:

---

1. Plaintiff Massachusetts Mutual Life Insurance Company was dismissed from this case following deposit of the insurance proceeds with the court.

" 'Killer of insured not to receive policy benefits.—No person who commits murder or voluntary manslaughter, and no person who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased even though the person so killing or conspiring be named beneficiary in such an insurance policy. A plea of guilty or *a judicial finding of guilt,* not reversed or otherwise set aside as to any of such crimes *shall be prima facie evidence of guilt in determining rights under this section.* All right, interest, estate and proceeds in such an insurance policy shall go to such other heirs of the deceased as may be entitled thereto by the law of descent and distribution of this State, unless secondary beneficiaries be named in the policy, in which event such secondary beneficiaries shall take.' " (emphasis added).

Defendant Henderson's conviction of voluntary manslaughter, a certified copy of which appears in the record, is prima facie evidence of her guilt and thus of her non-entitlement to the insurance proceeds. Prima facie evidence is "evidence which, if not rebutted or contradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by other evidence." Black's Law Dictionary 1071 (5th ed. 1979).

■ The court's research has not revealed a case in which a Georgia court has analyzed Ga.Code Ann. § 56–2506. Viewing the language of the statute in a logical manner, this court construes Ga.Code Ann. § 56–2506 to require the claimant attempting to rebut the prima facie case of guilt to present additional exculpatory testimony or evidence from that produced in the claimant's criminal trial, upon which reasonable jurors could find her not guilty of voluntary manslaughter by a preponderance of the evidence. That is, defendant Henderson cannot rely merely on the same testimony and evidence as that presented in her criminal trial in order to rebut the prima facie evidence of guilt in this civil case. If she could relitigate the issue of her guilt based upon the same evidence as that at trial,

then she would be attempting to rebut the prima facie case of guilt created by her conviction with the same evidence that created the prima facie case. This statute appears then to create a qualified collateral estoppel, that is, the claimant here is estopped from relitigating the issue of her guilt unless she can first rebut the prima facie case created by her state conviction by presenting other evidence of her innocence. Although this statute places a heavy burden on the claimant, it is indicative of the strong common law policy in this state and throughout the United States that a beneficiary in a life insurance policy who feloniously causes the death of the insured forfeits all rights which he may have under the policy. See, *Moore v. Moore,* 228 Ga. 489, 186 S.E.2d 531 (1971).

Defendant Henderson admits in her affidavit submitted in opposition to defendant Williams' motion for summary judgment that the affidavit is "merely a short-hand rendition and summary of my testimony" in her criminal trial in Bibb County Superior Court. Upon that testimony and the other evidence at trial, a jury of twelve reasonable persons found her guilty of voluntary manslaughter beyond a reasonable doubt, a stricter standard of guilt than a preponderance of the evidence. She does not deny that she received a full and fair opportunity to litigate the issue of her innocence in that trial. Defendant Henderson has not shown by her affidavit or otherwise, nor does she claim that she will be able to show, any additional exculpatory evidence from that produced at her trial which, taken with the other evidence, could reasonably persuade another jury by a preponderance of the evidence that she is not guilty of voluntary manslaughter.

■ Under Rule 56(c), Federal Rules of Civil Procedure, summary judgment shall be entered if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Under Ga.Code Ann. § 56–2506, Mattie Lou Henderson's conviction in state court is pri-

ma facie evidence of her guilt of voluntary manslaughter in the death of her common-law husband Grady Williams. Since she has failed to present any additional evidence to rebut the prima facie case as required by Ga.Code Ann. § 56–2506, for purposes of this action there is no genuine issue of fact as to her guilt. Therefore, Mrs. Henderson is precluded by Ga.Code Ann. § 56–2506 from recovering the proceeds of the insurance policy on the life of Grady Williams.

■ The proceeds of the insurance policy shall be paid to defendant Roy Williams as Administrator of the Estate of Grady Leroy Williams for distribution by him to the heirs of Grady Leroy Williams as they may be entitled thereto by the laws of descent and distribution of the State of Georgia. Ga. Code Ann. § 56–2506. The insurance proceeds shall not become part of the estate of Grady Leroy Williams and therefore shall not be subject to the claims of his creditors. Ga.Code Ann. § 56–2505; *National Life and Accident Insurance Co. v. Thornton*, 125 Ga.App. 589, 188 S.E.2d 435 (1972).

For the above stated reasons defendant Williams' motion for summary judgment is hereby GRANTED.

IT IS THEREFORE ORDERED that the Clerk of the Court disburse the funds now on deposit in the Registry of the Court in accordance with this order.

So ORDERED.