## 64830. KESSLER v. GEORGIA INTERNATIONAL LIFE INSURANCE COMPANY et al.

SHULMAN, Chief Judge.

Appellant brought this action against appellees Trust Company of Georgia Bank of Savannah, N.A. (hereinafter "bank") and Georgia International Life Insurance Company (hereinafter "Ga. International"), seeking to recover disability insurance benefits allegedly due under a Ga. International credit disability policy issued to appellant on March 23, 1979. The policy was obtained through the bank in connection with the renewal of a loan from the bank to appellant. The complaint, as amended, alleges that appellant was gainfully employed until March 26, 1979. Among the exhibits to the complaint are the following: an application for benefits, which states that appellant was disabled beginning March 13, 1979, and last worked on March 20, 1979; the attending physician's statement of disability, which confirms that appellant was disabled as of March 13; the Ga. International certificate of insurance, which provides that appellant is insured only if gainfully employed on the effective date of the policy; and a purported copy of the master policy provision defining "gainfully employed" under the policy as "being actively engaged in any business or occupation . . . during normal work weeks of at least thirty hours." The latter provision further provides that if appellant "is not gainfully employed at the time of issue of his certificate, the liability of the Company shall be limited to the return of the premiums paid for this benefit . . ." The complaint alleges that the bank acted as agent of Ga. International and had full knowledge of appellant's employment status at the time the policy was issued. The complaint seeks a declaratory judgment as to coverage under the policy and recovery of attorney fee penalties from Ga. International. Appellant also seeks to recover from both appellees the disability benefits allegedly due under the policy and punitive damages. The trial court granted Ga. International's motion to strike the punitive damage count.

Both appellees moved to dismiss the complaint for failure to state a claim. The trial court granted the motions and concluded that the exhibits attached to the complaint established that appellant was not "gainfully employed," as the court interpreted the use of that term in the insurance contract, and, therefore, not entitled to recover from either appellee under the policy. The court also concluded that the bank could not be liable under the insurance contract for the additional reason that it was a fully disclosed agent of Ga. International in connection with the procurement of the subject policy. Appellant has made timely appeal from the trial court's order

granting appellees' motions to dismiss.

1. "The general rule is that an attack upon a complaint for failure to state a claim upon which relief can be granted should not be sustained unless the averments in the complaint disclose with certainty that plaintiff would not be entitled to relief under any state of facts that could be shown in support of the claim." *Sitzer v. Lang,* 145 Ga. App. 159 (243 SE2d 95). We will review each motion to dismiss against the background of this general principle governing dismissal motions based on failure to state a claim.

2. The portion of the trial court's order holding that the bank was merely the agent of a disclosed principal is not contested by appellant in his brief. Appellant's complaint does not allege any fact upon which liability on the insurance policy could attach to the bank as the agent for the disclosed principal. Code Ann. § 4-406 (OCGA § 10-6-87). *Weaver v. Ralston &c. Hotel,* 135 Ga. App. 536, 539 (218 SE2d 260). Accordingly, the trial court properly granted the bank's motion to dismiss.

3. Ga. International based its motion to dismiss on the well-established principle that " '[w]here a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading. [Cits.]' " *Sitzer,* supra. Although the application and physician's statement are not instruments upon which this action is based, the rule has application where facts are established by any exhibit to the petition. "Exhibits attached to a petition control over its general allegations. [Cits.] . . . The CPA did not wipe out or destory the law in Georgia to the effect that a party to an action is bound by material allegations made in his pleadings so long as they remain in his pleadings, and the plaintiff's contradictory pleadings, if any, are to be construed in favor of the defendant. [Cit.] The opposite party may rely upon the admission as having established the fact alleged in his favor, and no proof thereof is needed. [Cit.]" *Martin v. Pierce,* 140 Ga. App. 897, 898 (232 SE2d 170).

The exhibits to the complaint established a disability date of March 13, 1979, final work date of March 20, 1979, and employment termination date of March 26, 1979. The allegation in the complaint that appellant ceased gainful employment on March 26, 1979, does not override the disability and final work dates established by the exhibits.

4. We agree with the trial court's interpretation of the portion of the insurance policy defining "gainfully employed." Where a contract provision is clear and unambiguous, its interpretation is a matter for the court. Code Ann. § 20-701 (OCGA § 13-2-1). *Guarantee*

*Trust &c. Co. v. Davis,* 149 Ga. App. 826, 828 (256 SE2d 76), affd. in part, 244 Ga. 541 (261 SE2d 336).

5. We find no support for appellant's argument that Ga. International is estopped from denying coverage by virtue of its acceptance of premiums. The policy itself states that the insurer will be liable only for the return of premiums paid if any debtor "is not gainfully employed at the time of the issue of his certificate." "Insurance is a matter of contract and the parties are bound by the terms of the policy." *Richmond v. Ga. Farm Bureau &c. Co.,* 140 Ga. App. 215, 221 (231 SE2d 245).

6. Furthermore, it is clear from the pleadings that the contingency putatively insured against, appellant's disability, occurred prior to the date of the policy. "A policy bearing a given date, and purporting to insure for the future only, can not be made the basis of an action to recover for a loss occurring on a prior date." *Boswell v. Gulf Life Ins. Co.,* 197 Ga. 269, 272 (29 SE2d 71).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1983.

*Clarence L. Martin,* for appellant.
*Malberry Smith, Jr., Edward M. Hughes, Lamar W. Davis,* for appellees.