66959. GUEST v. HORACE MANN INSURANCE COMPANY.

BIRDSONG, Judge.

The basic facts of this case are undisputed. This is an action for recovery of the additional $100,000 in life insurance benefits pursuant to the policy rider for "death resulting from an accident." The rider was part of a policy of life insurance with a face amount of $100,000 issued by appellee to appellant's benefactor. The decedent died as a result of circulatory collapse from cardiac arrhythmia caused by the ingestion of three separate cold medications, all containing the medication phenylpropanolamine. The policy rider provided for an additional $100,000 in benefits in the event of the "insured's death subject to [the following] conditions . . .: 1. that death resulted from an accident. . . ." The policy further provided:

"The Accidental Death Benefit will not be paid if death results from ... 2. drugs, unless prescribed by a Physician, voluntarily taken...." On the basis of these policy provisions and after paying the basic coverage provided by the policy, appellee denied liability for the additional benefits pursuant to the accidental death rider. The trial court agreed with appellee's position and granted its motion for summary judgment.

Appellant enumerates four separate errors on appeal, three of which deal with the trial court's interpretation of the relevant policy provisions and one of which deals with the grant of summary judgment on the issue of bad faith penalties and attorney fees. *Held:*

1. "Insurance is a matter of contract, and the language used is to be accorded its general and ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and, in construing it, the court can go no further than a fair construction of the language used will permit." *Ballinger v. C&S Bank of Tucker,* 139 Ga. App. 686, 688 (229 SE2d 498). " '[I]t is the understanding of the average policyholder which is to be accepted as a court's guide to the meaning of words, with the help of the established rule that ambiguities and uncertainties are to be resolved against the insurance company.' [Cit.]" *Jackson v. Nat. Life &c. Ins. Co.,* 130 Ga. App. 208 (202 SE2d 711). Interpretation of the provisions of a plain and definite policy of insurance is a matter of law for the courts, and a policy "is not ambiguous even though presenting a question of construction, unless and until an application of the pertinent rules of construction leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties." *Anderson v. Southeastern Fidelity Ins. Co.,* 166 Ga App. 750 (305 SE2d 383).

2. Pretermitting the issue of whether the subject policy rider requires that death result from "accidental means" (see *Jackson,* supra), it is clear that the death of the policyholder herein was specifically excluded from coverage by the express terms of the policy. After applying the principles of policy construction noted above, we hold that appellant's decedent died from "drugs, [not] ... prescribed by a Physician, voluntarily taken." Accordingly, the trial court properly entered summary judgment in favor of appellee on all issues in this action.

Appellant contends that the term "drugs" was not intended to apply to over-the-counter medications. We find no basis for this argument. Webster's Third New International Dictionary defines "drug" as "a substance used as a medicine or in making medications for internal or external use ... a substance intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in

man or other animal. . . ." Black's Law Dictionary (4th ed.) defines "drug" as the "general name of substances used in medicine; any substance, vegetable, animal, or mineral, used in the composition or preparation of medicines; any substance used as a medicine." The latter definition was adopted by this court in *Shawver v. State,* 103 Ga. App. 1 (118 SE2d 202).

Appellant's attempt to limit the term "drug" to narcotic drugs is simply without foundation. It is undisputed that appellant's decedent ingested three cold medications — Sine-Off, Triaminicin and Dietac — all containing phenylpropanolamine as an active component. The medications, as well as phenylpropanolamine, are clearly encompassed by the term "drugs" within any ordinary definition of that term. Since the undisputed facts and application of the rules of contract construction show that the death of appellant's benefactor was expressly without the coverage of the accidental death provisions, the trial court's judgment is affirmed. OCGA § 9-11-56 (Code Ann. § 81A-156).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 11, 1983 —
REHEARING DENIED NOVEMBER 2, 1983 —

*Barnard M. Portman, Michael D. Marburger,* for appellant.
*Albert E. Clark, Edward T. Brennan, John D. Schminky,* for appellee.