### 67219. MARSH v. CHRYSLER INSURANCE COMPANY.

POPE, Judge.

Tommy Ray Marsh appeals the grant of summary judgment to appellee Chrysler Insurance Company (Chrysler). The case arises from a collision which occurred on September 4, 1977 in which Marsh's Dodge truck was struck by a vehicle driven by Johnny Garland and owned by Donnie McIntire. Marsh was injured and his truck was totally destroyed. In October 1977 Marsh was contacted by a representative of Southern Trust Insurance Company, the insurance carrier for Donnie McIntire. At that time, Marsh agreed to a settlement for damages in the amount of $4,150. Marsh executed a general release in favor of McIntire and " . . . any and all other persons . . . who . . . may be jointly or severally liable . . ." to Marsh as a result of the September 4, 1977 collision.

In November 1977 Marsh executed a proof of loss statement for appellee Chrsyler and also signed a loan receipt in the amount of $4,800. The proof of loss statement signed by Marsh stipulated that he had not and would not execute a release or settle with any third party who might be liable in damages to Marsh. The loan receipt recited that the loan was given as a result of the collision caused by Johnny Garland and that Marsh would repay the loan in the event and to the extent of any recovery had as a result of said collision. The proceeds of the loan were paid directly to Chrysler Credit Corporation, holder of the note owed by Marsh on the Dodge truck in order to satisfy said note. The truck was sold for salvage value and Marsh was paid $950.22, the difference between the fair market value of the truck and the amount owing to the holder of the note.

Upon learning of the foregoing events, Chrysler demanded that Marsh pay to it the proceeds he received from the settlement with McIntire's insurer. When Marsh refused to pay, suit was filed.

1. Marsh argues that summary judgment is unwarranted because he did not breach the terms of the loan receipt in that the loan receipt language contemplated future recoveries only, and thus would not apply to the October recovery made by Marsh. We cannot so read the loan receipt. The plain language of the instrument states

that the loan is "repayable only in the event and to the extent that any net recovery is made by [Marsh] from any person or persons, corporation or corporations, or other parties, on account of loss by collision caused by Johnny Garland. . . ." While the phrase "is made" can refer to future events, it also is an expression of present intention and, in context, would include the earlier recovery made by Marsh. Pretermitting Marsh's further argument that he has not impaired Chrysler's ability to proceed against Garland by settling with McIntire's insurer, and thus has not breached the loan agreement, is the fact that the language of the agreement requires Marsh to repay Chrysler to the extent he makes recovery of anyone "on account of loss by collision caused by Johnny Garland." The language of the release makes it clear that settlement is made because of the collision in which Johnny Garland was involved. Therefore, we agree with the trial court that the loan receipt language is binding upon Marsh. Where a contract provision is clear and unambiguous, its interpretation is a matter for the court. OCGA § 13-2-1 (Code Ann. § 20-701); *Kessler v. Ga. Int'l Life Ins. Co.,* 165 Ga. App. 60 (4) (299 SE2d 131)(1983).

2. Nor do we agree with Marsh's contention that the loan receipt is unsupported by consideration because the proceeds were not paid to Marsh directly, but rather to Chrysler Credit, to whom Marsh was indebted for the Dodge truck destroyed in the accident. "A contract may be supported by adequate consideration as against a promisor under it who never receives any part of the consideration. This is hornbook law — the most elementary." *Ashburn v. Watson,* 8 Ga. App. 566, 569 (70 SE 19)(1910). Through means of the loan proceeds, Marsh's obligation to Chrysler Credit was extinguished.

3. In light of our holdings in the foregoing divisions of this opinion, the trial court did not err in dismissing Marsh's counterclaim. See also *Hall v. Helms,* 150 Ga. App. 257 (257 SE2d 349)(1979).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*John P. Neal III,* for appellee.