## 67711. BROWN v. PENINSULAR FIRE INSURANCE COMPANY.

CARLEY, Judge.

Appellant-insured instituted a declaratory judgment action against appellee-insurer to determine whether he was entitled to certain liability coverage pursuant to his homeowner's insurance policy. After a bench trial, the trial court ruled that, under the particular circumstances of the case, a "business pursuits" exclusion contained in the policy precluded coverage. On appeal, appellant asserts that the trial court erred in its construction of the "business pursuits" exclusion.

The facts as found by the trial court are not in dispute. Appellant is a real estate broker. Although he is not a real estate developer, he has on several occasions purchased and commercially developed vacant land. The property involved in the instant lawsuit was purchased by appellant and another person for investment or development purposes. The incident giving rise to appellant's claim of coverage under his homeowner's policy occurred when an employee of a contracting company hired by appellant to grade the subject property ruptured an allegedly unmarked fuel pipeline with a bulldozer owned by the contracting company. The contracting company sued appellant, among others, to recover for the damage to its bulldozer. Appellee denied coverage of the claim on the basis of the following exclusion contained in appellant's homeowner's policy: "Personal liability [coverage does] . . . not apply to bodily injury or property damage: . . . b.

arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured. This exclusion does not apply to: (1) activities which are ordinarily incident to non-business pursuits." The trial court ruled that the improvement by grading was a business pursuit of appellant, so that the incident fell within the above-mentioned exclusion.

" 'Insurance is a matter of contract, and the language used is to be accorded its general and ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and, in construing it, the court can go no further than a fair construction of the language used will permit.' [Cit.] ' "[I]t is the understanding of the average policyholder which is to be accepted as a court's guide to the meaning of words, with the help of the established rule that ambiguities and uncertainties are to be resolved against the insurance company." [Cit.]' [Cit.] Interpretation of the provisions of a plain and definite policy of insurance is a matter of law for the courts, and a policy 'is not ambiguous even though presenting a question of construction, unless and until an application of the pertinent rules of construction leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties.' [Cit.]" *Guest v. Horace Mann Ins. Co.*, 168 Ga. App. 714, 715 (310 SE2d 241) (1983). " 'It is the function of the court to construe the contract as written and not to make a new contract for the parties [Cit.] . . . . An unambiguous contract will be construed to carry out the literal intent of the parties.' [Cit.]" *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319, 322 (309 SE2d 147) (1983).

The policy at issue in the instant case does not define the term "business pursuits." However, it does provide that " 'business' includes trade, profession or occupation." " 'Contracts of insurance, like other contracts[,] are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary and popular sense. [Cit.]' [Cits.] Dictionaries supply the 'plain, ordinary, and popular sense.' " *Southern Guaranty Ins. Co. v. Duncan*, 131 Ga. App. 761, 764 (206 SE2d 672) (1974). Webster's New International Dictionary (3d ed.) provides these definitions: "Trade" is "the business one practices or the work in which one engages regularly." "Profession" is "a principal calling, vocation, or employment." "Occupation" means "the principal business of one's life." "Business is defined in part as follows: ". . . b: (1): a usual commercial or mercantile activity customarily engaged in as a means of livelihood and typically involving some independence of judgment and power of decision . . . (2): a commercial or industrial enterprise . . . d: a particular field of endeavor . . . (4): transactions, dealings or intercourse of any nature . . . but now especially economic . . . ."

In *Southern Guaranty Ins. Co. v. Duncan*, supra, this court considered a "business pursuits" issue in the context of a policy exclusion which was equivalent to the one involved in the case at bar. In *Duncan*, an automobile mechanic engaged part-time in automobile racing activities. The mechanic occasionally won racing prize money, and he sometimes hired other drivers to race his vehicles for him. We held that his racing activities did not constitute a business pursuit within the policy exclusion. Similarly, in the case at bar, the grading and developing of the subject property did not comprise a business pursuit of appellant. He was not "customarily engaged in" property development as his "usual commercial or mercantile activity." Appellant's grading of real property held for investment was no more a business pursuit of appellant as a real estate salesman than participating in automobile races for money was for a mechanic. Moreover, in the case at bar — even more than in *Duncan* — the policy language belies the ruling of the trial court. After the exclusion relating generally to "business pursuits of any insured," the policy in this case specifically excludes claims arising out of "the rental or holding for rental of any part of any premises by any insured." If it had been the objective of the "business pursuits" provision to exclude coverage relating to any property which may ultimately result in profit to the insured, it would not have been also necessary that "rental or holding for rental" be specifically excluded.

The construction of a plain and definite contract of insurance is a matter of law for the court. *Kessler v. Ga. Intl. Life Ins. Co.*, 165 Ga. App. 60 (299 SE2d 131) (1983). The provision at issue herein has previously received a judicial construction.

We find that *Southern Guaranty Ins. Co. v. Duncan*, supra, is dispositive, and that the trial court erred as a matter of law in construing the "business pursuits" exclusion of the policy. Accordingly, the judgment of the trial court is reversed.

*Judgment reversed. McMurray, C. J., Deen, P. J., Banke, P. J., and Benham, J., concur. Quillian, P. J., Birdsong, Sognier and Pope, JJ., dissent.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 10, 1984 —

*Jesse W. Walters*, for appellant.
*Donald D. Rentz, John F. Salter, Mark A. Gonnerman, James V. Davis*, for appellee.

BIRDSONG, Judge, dissenting.
Because I believe the majority has misread and misapplied this

court's decision in *Southern Guaranty Ins. Co. v. Duncan*, 131 Ga. App. 761 (206 SE2d 672), and has infringed upon the function of the trial judge as finder of fact in a bench trial, I must respectfully dissent from the reversal of the trial court's judgment.

The majority opinion accurately has set forth the undisputed facts giving rise to this lawsuit and the general legal principles governing interpretation of provisions in insurance policies. However, the majority then concludes that the holding in *Duncan*, supra, mandates reversal of the trial court's judgment.

A close review of *Duncan* will demonstrate what I perceive to be the basic error in the majority's analysis in this case. In *Duncan*, the trial court found that the activity involved therein was *not* a "business pursuit" within the terms of the homeowner's policy involved in that case. This finding was amply supported by the evidence, and could not have been overturned on appeal. "Whether an activity is a business pursuit is almost always a *factual* question presented for the determination by a court." (Emphasis supplied.) Appleman, Insurance Law & Practice (Berdal ed.), § 4501.10, p. 273. "Findings of fact made by a trial court in non-jury cases are given the same weight as a verdict in jury cases, and will not be set aside on appeal unless they are shown to be clearly erroneous or wholly unsupported by the evidence." *Hanna Creative Enterprises v. Alterman Foods*, 156 Ga. App. 376-377 (274 SE2d 761); OCGA § 9-11-52.

Unlike *Duncan*, the present case involves an appeal from the trial court's finding that the activity involved herein *did* fall within the "business pursuits" exclusion contained in the subject homeowner's policy. As in *Duncan*, the finding by the trial court in this case is amply supported by the evidence. The record shows without question that the appellant was a professional, licensed realtor, and has for many years earned his living dealing in real estate. He not only acted as a broker handling property owned by others, but he also has a history of buying, selling, and developing land in his own right. The record reveals at least four instances in which appellant has bought, developed, and sold land of his own. Furthermore, appellant admitted to purchasing the subject property with his father-in-law as a commercial or investment venture. Perhaps most importantly, appellant was engaged in improving the property when the subject accident occurred. In view of these facts, the judgment of the trial court is amply supported by the evidence and should be affirmed.

The majority appears to limit, as a matter of law, the application of the "business pursuits" exclusion in homeowners' policies to those activities involving the policyholder's principal business. I do not believe that this conclusion can be supported. "The business need not be the sole occupation and part-time business activities are excluded under comprehensive personal liability policies [homeowners]." Ap-

pleman, supra, pp. 271-272. As the majority opinion notes, Webster's New International Dictionary (3d ed.) defines "business" in part as "[2]: A commercial or industrial enterprise. . . .[4]: Transactions, dealings or intercourse of any nature . . . but now especially economic. . . ." Under any "usual" or "normal" understanding of the term "business pursuit," that term clearly encompasses all commercial activities engaged in by the insured, whether or not those activities relate to the insured's principal business or occupation.

*Duncan* does not compel a different result. There was ample evidence for the trial court in that case to conclude that the activity involved therein, while potentially income-producing, was nothing more than a "hobby" to the insured. While the evidence in the present case might support a finding by the trial court that the insured was engaged in a non-business pursuit, it clearly does not mandate such a result. Nevertheless, by reversing the trial court's judgment, the majority necessarily has limited the application of the "business pursuit" exclusion to the policyholder's principal occupation. This is an unsupportable limitation upon that exclusion.

Therefore, I must respectfully dissent from the judgment. I am authorized to state that Presiding Judge Quillian, Judge Sognier, and Judge Pope concur in this dissent.