72435. WILSON v. SOUTHERN GENERAL INSURANCE
COMPANY.
(349 SE2d 544)

BEASLEY, Judge.

Wilson purchased a motorcycle insurance policy from Southern General Insurance Company. It provided bodily injury liability coverage of $15,000 per person, $30,000 each accident, and property damage liability coverage of $10,000 each accident. Wilson filed suit against the insurance company to recover medical expenses of approximately $5,000 incurred in treating the injuries he received when his motorcycle collided with an automobile.

The insurer moved for summary judgment on the basis that as a matter of law there was no coverage under the policy for the insured's personal medical expenses because Georgia law does not require that personal injury protection insurance coverage be included in a motorcycle liability policy (see OCGA § 33-34-2 (6)), the policy specifically excluded personal injury protection coverage by its terms, and the policy excluded coverage for medical payments incurred personally by the insured. Plaintiff pointed for coverage to the initial provision: "Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including

death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The trial court granted summary judgment to the insurance company and plaintiff appealed.

Wilson maintains that it was not shown to a certainty that he was not entitled to relief, that the record was not construed with all doubts and reasonable inferences in his favor, and that the interpretation of the insurance contract should have been left to the jury. He argues first that the language of Coverage A provides a means for him to recover for his own medical expenses and that at the very least such language produces ambiguity, thereby creating a factual question regarding intent to provide coverage which must be resolved by the finder of fact.

"Insurance is a matter of contract and rules governing construction of contracts are applicable to insurance contracts. [Cit.]" *Nationwide Mutual Ins. Co. v. Ware*, 140 Ga. App. 660, 665 (1) (c) (231 SE2d 556) (1976).

The cardinal rule in the construction of contracts is to ascertain the intention of the parties. OCGA § 13-2-3. "Interpretation of the provisions of a plain and definite policy of insurance is a matter of law for the courts, and a policy 'is not ambiguous even though presenting a question of construction, unless and until an application of the pertinent rules of construction leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties.' [Cit.]" *Guest v. Horace Mann Ins. Co.*, 168 Ga. App. 714, 715 (1) (310 SE2d 241) (1983). Furthermore, " ' "[i]t is the understanding of the average policyholder which is to be accepted as a court's guide to the meaning of words, with the help of the established rule that ambiguities and uncertainties are to be resolved against the insurance company." [Cit.]' [Cit.]" Id.

"An insurance policy must be construed as a whole [cit.], and 'all of the provisions should be so interpreted so as to harmonize one with the other.' [Cit.]" *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319, 322 (3) (309 SE2d 147) (1983).

Applying these principles, and construing the policy liberally in favor of appellant and strictly against the insurance company, *Kytle v. Georgia Farm &c. Ins. Co.*, 128 Ga. App. 109, 112 (1) (195 SE2d 787) (1973), the language of "Coverage A" in the context of the entire policy does not create coverage for first party, the insured's own, medical expenses. Plaintiff cannot create coverage for his own medical bills under the liability portion of the policy by, as defendant observes, "suggesting that since [he] is legally obligated to pay his medical bills to his doctors, the company is thus obligated to pay these bills under the bodily injury liability section of the policy." First, the

provision he claims insures him against his "liability" to pay "as damages," which these personal bills are not; they are not due by him as damages to anyone for a tort by him. The liability arises out of a contract with a health care provider, not out of a tort causing injuries to another person. Second, coverage for first-party medical expenses was available in another provision of the policy entitled "Automobile Medical Payments," but plaintiff declined to purchase such specific coverage, and personal injury protection was not available. Third, even if these medical expenses were initially comprehended in Coverage A, they would drop out by way of the exclusion which omits "liability" assumed by the insured under any contract or agreement; the medical expenses were incurred in that manner.

The disputed provision in the policy is clear, it means what it says, there is no ambiguity, and therefore, there is no possibility that its construction would require resolution by the fact finder. We cannot permit appellant to create ambiguity "by lifting a clause or portion of the contract out of context. [Cit.] The natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover. [Cit.]" *Lester v. Great Central Ins. Co.*, 138 Ga. App. 353, 355 (226 SE2d 149) (1976). So, even construing all factual inferences in favor of plaintiff, there is no coverage under the policy for the medical expenses sought; therefore, summary judgment in favor of the insurance company was demanded as a matter of law.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 20, 1986.

*Craig C. Avery, E. Graydon Shuford*, for appellant.
*Michael J. Goldman, Warner S. Fox*, for appellee.