73578, 73633. CONTINENTAL CASUALTY COMPANY
v. YOUNG; and vice versa.
(354 SE2d 1)

BIRDSONG, Chief Judge.
Continental Casualty Company appeals from the grant of summary judgment to Ben Young, administrator of the estate of Mary Elaine Ellenberg, and the denial of its motion for summary judgment. Young has filed a cross-appeal. Frank Ellenberg, an Amway distributor, was an insured under a group insurance policy issued by Continental Casualty to Amway distributors. Frank's wife, Elaine, was an

insured dependent under the policy. Frank and Elaine had marital problems, and Elaine filed for a divorce. Frank moved out of the marital residence and Elaine changed the locks and obtained a restraining order barring Frank from "coming about or molesting [her] in any manner. . . ." It was stipulated by both parties that on April 12, 1984, "Frank Ellenberg killed his wife, Elaine Ellenberg. . . . Immediately thereafter, on or about the same date, the said Frank Ellenberg committed suicide." The policy of insurance was in full force and effect on the dates of death of both parties. On June 11, 1984, Ben Young, administrator of the estate of Elaine, filed a proof of loss with Continental demanding full payment of all amounts due under the policy — which was denied. This action was filed. Both parties moved for summary judgment. Continental appeals from the denial of its motion and the grant of the plaintiff's motion. *Held*:

The trial court found that the "beneficiary" of an insurance policy is entitled to the proceeds upon the occurrence of the event insured, and "[b]y operation of law, Frank Ellenberg never became entitled to receive the proceeds of the insurance policy," and the administrator of Elaine's estate "is entitled to receive the proceeds of the policy, with interest at the legal rate . . . until such amount is paid in full." The court was construing OCGA § 33-25-13, which provides in substance that no person who commits murder or voluntary manslaughter "shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing . . . be named beneficiary in the insurance policy." In effect, the court held that although the insurance policy named Frank Ellenberg as a beneficiary, the statute prevented him from becoming a beneficiary and Elaine Ellenberg's estate was entitled to the insurance proceeds.

This analysis of the effect of the statute on the insurance policy assumes a fact contested by Continental, i.e., no proceeds were due to anyone under the coverage and the exclusions of the policy. We find the provisions of the policy to be clear and unambiguous. It provides coverage only for "Accidental Death. . . ." Any "injury" which is the cause of death is defined as "bodily injury caused by an accident. . . ." The stipulated facts show an intentional homicide by Frank Ellenberg upon the insured, Elaine Ellenberg. Hence, intentional injury resulting in the death of the insured is not a covered incident.

Further, an exclusionary clause provides: "The policy does not cover any loss, fatal or non-fatal, caused by or resulting from . . . injury intentionally inflicted by a beneficiary. . . ." We find that Frank Ellenberg was a "beneficiary" within the context of the terms of the contract of insurance. " 'Insurance is a matter of contract, and the language used is to be accorded its general and ordinary meaning, bearing in mind that the contract is to be construed in accordance

with the intention and understanding of the parties, and, in construing it, the court can go no further than a fair construction of the language used will permit.'" *Guest v. Horace Mann Ins. Co.*, 168 Ga. App. 714, 715 (310 SE2d 241). " 'The contract of insurance should be construed so as to carry out the true intention of the parties' . . . and their rights are to be determined by its terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made." *Robinson v. Washington Nat. Ins. Co.*, 72 Ga. App. 19, 21 (32 SE2d 855). The policy listed Frank Ellenberg as the "beneficiary" of Elaine Ellenberg's insurance. The contracting parties agreed that any fatal injury "intentionally inflicted by a beneficiary" was excluded from coverage. Elaine Ellenberg's fatal injury was "intentionally inflicted by a [named] beneficiary" in the contract. The statute, OCGA § 33-25-13, does not destroy Frank Ellenberg's identity as a "beneficiary" in the contract, but only prohibits him from "receiv[ing] any benefits from any insurance policy on the life of the deceased. . . ." OCGA § 33-25-13. Under the exclusionary clause, no payment of any kind was due to anyone. *Pilot Life Ins. Co. v. Morgan*, 94 Ga. App. 394, 398 (94 SE2d 765).

In summary, the risk for which the insured and insurer contracted included coverage only for accidental injury, and excluded coverage for the intentional acts of a named beneficiary. The intentional homicide of Elaine Ellenberg by a named beneficiary was excluded from coverage under the explicit and unambiguous contract terms.

Our decision in *National Life &c. Ins. Co. v. Thornton*, 125 Ga. App. 589 (188 SE2d 435), does not require a different result. In *Thornton*, the wife pleaded guilty to the voluntary manslaughter of her husband, the insured. Under Code Ann. § 56-2506 (now OCGA § 33-25-13) the killer was prohibited from recovering proceeds from a policy of insurance on the deceased. However, the facts of *Thornton* do not include coverage only for fatal injury by accidental means, or an exclusionary clause for coverage of intentional acts of a beneficiary, as in the instant case, and the insurance proceeds due under that policy were properly paid to the estate of the deceased.

The trial court erred in denying Continental's motion for summary judgment. Conversely, the court erred in granting the administrator's motion for summary judgment. Because we find for the appellant, the cross-appellant's enumeration of error is without merit.

*Judgments reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 28, 1987 —
REHEARING DENIED FEBRUARY 16, 1987 —

C. *Richard Langley*, for appellant.
*Eugene C. Black, Jr.*, for appellee.