S95G0735. SAVANNAH COLLEGE OF ART & DESIGN, INC. v. NULPH.

(460 SE2d 792)

FLETCHER, Presiding Justice.

The Savannah College of Art & Design terminated Robert Nulph in the middle of his one-year contract as a professor. Nulph sued for wrongful termination. The trial court directed a verdict against the college on the issue of liability because it found that the college breached its contract with Nulph when it terminated him without a final decision by the full board of trustees. The jury returned a verdict of $40,706.77. The Court of Appeals affirmed, finding that the breach was "substantive."[1] We granted certiorari to consider the distinction between substantive and procedural breaches in employment contracts. We now reverse and hold that an employee who is terminated for cause is not entitled to full compensatory damages even though the termination may have been procedurally flawed.

1. The parties agree that the college employee manual, which sets forth grounds for termination and procedures governing termination, created a binding contract. Damages for breach of that contract may be awarded only to compensate the loss caused by the breach.[2] An employer's failure to follow contract procedures in dismissing an employee does not "cause" the termination.[3] If the employer were justified in terminating the employee under the contract, then the termination would have occurred even if the employer had followed the proper procedures. Thus, procedural flaws in the manner in which the termination was carried out will not warrant damages to compensate for losses that naturally result from a justified termination.[4] On the other hand, when an employment contract requires that termination be "for cause" only, and the employer fires the employee without cause, a substantive breach occurs, and the employee would be en-

---

[1] *Savannah College of Art & Design v. Nulph,* 216 Ga. App. 48 (453 SE2d 80) (1994).

[2] *Amalgamated Transit Union Local 1324 v. Roberts,* 263 Ga. 405, 408 (434 SE2d 450) (1993).

[3] See *Carey v. Piphus,* 435 U. S. 247 (98 SC 1042, 55 LE2d 252) (1978) (failure to follow disciplinary procedures did not cause suspension of students).

[4] *Carey,* 435 U. S. at 260. See also *Belcher v. Thomson Newspapers,* 190 Ga. App. 466, 467 (379 SE2d 204) (1989) and *Don Swann Sales Corp. v. Parr,* 189 Ga. App. 222, 225 (375 SE2d 466) (1989) (person who suffers no harm or actual damages from a breach of an employment contract is limited to recovery of nominal damages sufficient to cover costs of bringing action).

titled to seek full compensatory damages.

2. With these principles in mind, we examine whether the courts below were correct in holding that the college's breach was substantive rather than procedural. The college terminated Nulph without notice of the charges against him, without a hearing, and without a decision by the full board of trustees.[5] Each deficiency, however, relates to the *procedures* governing termination, rather than the *reason* for the termination. Furthermore, the existence of several procedural flaws does not transform those breaches into a "substantive" one.

3. The college was entitled to have the jury consider its argument that Nulph's poor performance and inappropriate behavior towards women justified his termination. If the jury determines that the college was justified in dismissing Nulph, then he would not be entitled to recover the balance of the compensation due under the one-year contract or his job search and moving expenses as compensatory damages. These damages resulted from the termination, rather than solely from the procedural errors. Therefore, Nulph's recovery would be limited to nominal damages.[6]

4. Regardless of whether the jury finds Nulph's termination justified, Nulph may still pursue his separate claim for attorney fees under OCGA § 13-6-11, because a recovery of only nominal damages would be sufficient to support attorney fees under that statute.[7]

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995.

*Drew, Eckl & Farnham, Arthur H. Glaser, J. Robb Cruser,* for appellant.

*Jones, Boykin & Associates, Harold J. Cronk,* for appellee.

---

[5] See *Savannah College of Art & Design,* 216 Ga. App. at 50.

[6] The trial court's instructions should require the jury to consider first whether the termination was justified before considering damages. The trial court must also define nominal damages for the jury.

[7] *Ponce de Leon Condos. v. DiGirolamo,* 238 Ga. 188, 190 (232 SE2d 62) (1977).