**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 15, 2016**

# In the Court of Appeals of Georgia

A16A1459. COBB BEAUTY COLLEGE, INC. v. SCAMIHORN.

RICKMAN, Judge.

Randall "Randy" Scamihorn, former Director of Cobb Beauty College, Inc. ("CBC"), filed a breach of contract action against CBC after the college released him within his first year of employment and informed him that it did not intend to renew his contract. The trial court granted summary judgment to Scamihorn after concluding that CBC breached a provision of the employment agreement governing contract renewal, which the court held unambiguously provided that Scamihorn's initial term of employment was three years, and that CBC's right of renewal (or nonrenewal) did not accrue until that time. On appeal, CBC contends that the trial court erred in its interpretation of the paragraph governing renewal, and further argues that it was

entitled to terminate Scamihorn for cause under a separate provision of the employment agreement.

We agree with the trial court that the renewal provision of the contract unambiguously sets forth an initial three-year term, and therefore affirm the trial court's ruling as to that issue. We nevertheless conclude that a genuine issue of material fact remains as to whether CBC was entitled to terminate Scamihorn's employment for cause, and therefore reverse the trial court's grant of summary judgment in favor of Scamihorn on his breach of contract claim. We remand for proceedings consistent with this opinion.

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the evidence and all reasonable inferences and conclusions drawn therefrom, viewed in the nonmovant's favor, warrant judgment as a matter of law. We review de novo the trial court's ruling on a motion for summary judgment.

(Citation and punctuation omitted.) *Hart v. Sirmans*, 336 Ga. App. 212 (784 SE2d 67) (2016).

So viewed, the evidence shows that Scamihorn and CBC entered into an employment agreement on May 11, 2010. The employment agreement contained two

2

provisions relevant to this action, one in paragraph three and one in paragraph five. These provisions provided that:

> 3. Term of Employment. This Agreement shall remain in effect for 3 years from the effective date, renewed automatically on a year-to-year basis unless either party gives the other party 60 days' prior written notice before the anniversary date of the initial term or any one-year renewal term. Employee shall begin said term of employment on the 1st day of July 2010.
>
> 5. Termination of Employment. This Agreement and the employment by CBC of Employee hereunder shall terminate upon the occurrence of any of the following events: . . . (c) upon written notice of termination of employment for cause given by CBC. "Cause" shall mean (i) theft; or wrongful appropriation by Employee; (ii) falsification of records by Employee; (iii) dishonest acts by Employee; (iv) negligence of Employee; (v) incompetence of Employee; (vi) insubordination of Employee; (vii) disloyalty of Employee to CBC; (viii) breach of Employee's duty of care or duty of loyalty to CBC, (ix) Employee's willful neglect; or (x) Employee's violation of any law, rule or regulation. In the event of a proposed termination for cause, CBC will give Employee notice of the facts and circumstances surrounding the alleged cause and provide Employee with an opportunity to present his response to the alleged reason for cause. . . .

On March 31, 2011, approximately nine months into his employment, Scamihorn was given a letter drafted by counsel for CBC informing him that CBC did not intend to renew his contract. The letter requested that Scamihorn remove all of

3

his personal belongings the same day or no later than two days later. Scamihorn was given 60-days severance pay and asked not to return to CBC. The letter did not detail any reason CBC was releasing Scamihorn from its employment, and Scamihorn subsequently retained counsel who sent CBC's counsel a letter asserting that CBC breached the employment agreement by its effort not to renew it within the initial three-year term, and demanding that Scamihorn be paid the remainder of his three-year salary and additional damages. The letter from Scamihorn's counsel also rejected CBC's position that the release from employment was for cause.

In requests for admission filed by Scamihorn and answered by CBC, CBC admitted that it did not provide written notice of cause relating to Scamihorn's release from employment. However, CBC denied that it had failed to provide any facts and circumstances surrounding the alleged cause; denied that it had failed to give Scamihorn an opportunity to respond to the alleged cause before terminating the employment agreement; and denied that CBC did not have cause to terminate the employment agreement. CBC also filed a motion to relieve the parties of the mediation requirement, in which it also set forth various allegations against Scamihorn that it asserted gave it cause to terminate Scamihorn's employment. CBC

4

further argued that Scamihorn was terminated for cause in a pleading titled "pre-trial brief."

In response to Scamihorn's motion for summary judgment, CBC submitted the affidavit of CBC's owner,[1] who had executed the agreement with Scamihorn on behalf of CBC. The owner's affidavit detailed many ways in which she alleged that Scamihorn breached paragraph five of the employment agreement, thus authorizing his termination for cause.[2]

---

[1] Scamihorn alleges that this affidavit and the documents attached to it are inadmissable.

> However, even if these complaints had merit, [Scamihorn] made no such arguments about the affidavit below, either in an objection to the affidavit, in a motion to strike the affidavit, or in his summary judgment brief. Objections to affidavits such as an objection to the affiants' lacking personal knowledge will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment.

(Citation, punctuation, and footnote omitted). *Formaro v. Suntrust Bank*, 306 Ga. App. 398, 399-400 (1) (702 SE2d 443) (2010).

[2] No deposition transcripts, if such exist, are in the record on appeal. However, we may look to the pleadings, documents, and affidavits in the record in order to determine if issues of fact were raised. *See Collins v. Byrd*, 204 Ga. App. 893, 894 (420 SE2d 785) (1992).

5

Focusing on CBC's initial letter in which it stated its intention not to renew Scamihorn's contract, the trial court granted summary judgment to Scamihorn. Specifically, it held that paragraph three of the employment agreement unambiguously set forth an initial three year term, and the option not to renew did not arise until 60 days prior to that three year date. CBC contends that the trial court's interpretation of the renewal provision contained in paragraph three of the employment agreement was erroneous and, further, that it had an independent right to terminate Scamihorn for cause under paragraph five. We agree with the trial court's interpretation of paragraph three of the employment agreement and, therefore, affirm its ruling on that issue. Nevertheless, because there is a genuine issue of material fact as to whether CBC had cause to terminate Scamihorn's employment, we reverse the grant of summary judgment to Scamihorn.

1. CBC contends that the trial court's interpretation of the renewal provision contained in paragraph three of the employment agreement was erroneous.

> Construction of a contract, at the outset, is a question of law for the court. And such construction involves three steps: first, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract

6

construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury.

(Punctuation and footnotes omitted.) *Holcim (US), Inc. v. AMDG, Inc.*, 265 Ga. App. 818, 820 (596 SE2d 197) (2004).

The trial court correctly held that the language in paragraph three of the employment agreement that it "shall remain in effect for 3 years from the effective date" and would renew automatically unless notice was given 60 days before the "anniversary date of the initial term" unambiguously set forth an initial three-year term before CBC had the option of nonrenewing. As noted by the trial court, CBC's interpretation of the employment agreement–that it was subject to annual renewal even within the first three years–would render meaningless the language providing for an initial three year term. See *Brazeal v. Newpoint Media Group, LLC*, 331 Ga. App. 49, 53 (769 SE2d 763) (2015) ("[A] contract should not be construed in a manner that would render any of its provisions meaningless or mere surplusage.") (citation and punctuation omitted).

Citing *Wheeler v. Rebel Truck Rental Inc.*, 125 Ga. App. 431 (188 SE2d 155) (1972), CBC argues that the term "anniversary date" in paragraph three of the

7

agreement must be construed to mean that CBC had the option to not renew Scamihorn's contract every year. In *Wheeler*, however, the contract at issue provided that the "[c]ustomer may cancel this agreement . . . on *any* anniversary of the effective date." Id. at 431; emphasis supplied. Here, on the other hand, the contract at issue does not refer to "any" anniversary date, but to the anniversary date of the initial three-year term. Such language is capable of only one reasonable interpretation, and CBC's attempt to create an ambiguity where none otherwise exists must fail. See *Wilson v. Southern General Ins. Co.*, 180 Ga. App. 589, 590 (349 SE2d 544) (1986) ("We cannot permit appellant to create ambiguity by lifting a clause or portion of the contract out of context. The natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover.") (citation and punctuation omitted).

(2) Nevertheless, our inquiry does not end there. Scamihorn was not entitled to summary judgment on his claim for breach of contract if, as CBC contends, there is a genuine issue of material fact as to whether CBC was authorized to terminate him

8

for cause under paragraph five of the employment agreement.[3] See *Odem v. Pace Academy*, 235 Ga. App. 648, 654 (1) (510 SE2d 326) (1998).

In *Savannah College of Art & Design v. Nulph*, 265 Ga. 662- 663 (1) (460 SE2d 792) (1995), the Georgia Supreme Court explained that

> An employer's failure to follow contract procedures in dismissing an employee does not "cause" the termination. If the employer were justified in terminating the employee under the contract, then the termination would have occurred even if the employer had followed the proper procedures. Thus, procedural flaws in the manner in which the termination was carried out will not warrant damages to compensate for losses that naturally result from a justified termination. On the other hand, when an employment contract requires that termination be 'for cause' only, and the employer fires the employee without cause, a substantive breach occurs, and the employee would be entitled to seek full compensatory damages.

(Footnotes omitted).

---

[3] We disagree with Scamihorn that CBC failed to preserve its argument that genuine issues of material fact exist as to whether it had cause to terminate Scamihorn. In pleadings and at least one motion filed in the trial court, CBC made numerous references to its having cause to terminate Scamihorn. Further, during the hearing on Scamihorn's motion for summary judgment, CBC maintained that it had cause to terminate Scamihorn.

Here, if the finder of fact determined that CBC had cause to terminate Scamihorn, then CBC would not be liable for damages to him. See *Odem*, 235 Ga. at 654 (1) ("[T]he elements for a breach of contract claim in Georgia are merely the breach and the resultant damages to the party who has the right to complain about the contract being broken. . . . [W]here we have determined that [the employer] had authority under the contract to terminate [the employee's] employment, no breach of contract occurred . . .") (citation and punctuation omitted). This is true, even if CBC failed to follow the procedural requirements of the contract.

> [P]rocedural flaws in the manner in which the termination was carried out will not warrant damages to compensate for losses that naturally result from a justified termination. On the other hand, when an employment contract requires that termination be "for cause" only, and the employer fires the employee without cause, a substantive breach occurs, and the employee would be entitled to seek full compensatory damages.

(footnotes omitted) *Savannah College of Art & Design*, 265 Ga. at 662-663 (1).

Because CBC raised an issue of material fact as to whether or not it had cause to terminate Scamihorn, both by affidavit and by factual disputes in the pleadings, the trial court erred in granting judgment as a matter of law to Scamihorn. See *Savannah*

10

*College of Art & Design*, 265 Ga. at 662 (3); see also *Botterbush v. Preussag Intl. Steep Corp*., 271 Ga. App. 190, 194 (1) (b) (609 SE2d 141) (2004).

*Judgment affirmed in part and reversed in part and case remanded. Barnes, P. J., and Boggs, J., concur*.